Daniel J McCauley III
McCauley Law Offices, P.C.
6638 E Ashler Hills Dr
Cave Creek, AZ 85331-6638
Direct: (480) 595-1378
Fax: (866) 388-3788 | Email: dan@mlo-az.com

*Attorneys for Defendants*
*Tom Crosby, Ann English, and Peggy Judd,*
*In their official capacities as the Cochise County Board of Supervisors*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATIE HOBBS, in her official capacity as Arizona Secretary of State, <br><br> Plaintiffs, <br><br> v. <br> TOM CROSBY, ANN ENGLISH, PEGGY JUDD, in their official capacities as members of the Cochise County Board of Supervisors, and COCHISE COUNTY, a political Subdivision of Arizona <br><br> Defendants. | Case No.: <br><br> **NOTICE OF REMOVAL** <br><br> State Court Case No.: CV 202200553 |

To Plaintiff Katie Hobbs, in her official capacity as Arizona Secretary of State (collectively "Plaintiffs"):

PLEASE TAKE NOTICE THAT pursuant 28 U.S.C. § 1441(a), defendants Tom Crosby, Ann English, and Peggy Judd, in their official capacities as the Cochise County Board of Supervisors (collectively "Defendants"), removes case CV2022005523 from Superior Court of the State of Arizona in and for the County of Cochise to the United States District Court for the Eastern District of Arizona.

Removal is required pursuant to the jurisdiction placed on the Federal Courts by 28 U.S.C. § 1331 et. seq. by a federal question raised on the face of Plaintiff's complaint of

whether or not the machines were tested by approved laboratories accredited under the Help America Vote act of 2002, pursuant to Ariz. Rev. Stat. § 16-442.

## GROUNDS FOR REMOVAL

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)).

Pursuant to 28 U.S.C. § 1446(b), Defendant files this notice of removal timely, within 30 days after the receipt by the defendant a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

As required by 28 U.S.C. § 1446(a) and local Rules, copies of all process, pleadings, and orders and other papers or exhibits filed in the State Court lacks jurisdiction pursuant to matters with the following issues:

28 U.S.C. § 1331 (Federal Question)

Incorporated by reference is Plaints Complaint, which invokes this courts jurisdiction on the face of the record as follows:

¶ 14. Federal law allegations

a. ¶ 14 of Plaintiff's complaint states in pertinent part: "The Secretary of State has even provided to the Board the certification and accreditation information for the machines used in Cochise County during the 2022 general election Ex. B."

b. Exhibit B attaches a letter from Mark Robbins, Interim Director of the U.S. Election Assistance Commission, along with a Certificate of Accreditation document from the United States Election Assistance Commission.

c. Also attached by reference is a letter from Susan Parmer State Certification Manager to Kattie Hobbs dated November 5, 2019, expressing "The Secretary of State's Equipment Certification Advisory Committee, appointment by my pursuant to A.R.S 16-442,

met in a public meeting held October 29, 2019 to discuss your application and make final recommendation on certification…"

  d. According to Ariz. Rev. Stat. § 16-442 ("**B.** Machines or devices used at any election for federal, state or county offices may only be certified for use in this state and may only be used in this state if they comply with the help America vote act of 2002 and if those machines or devices have been tested and approved by a laboratory that is accredited pursuant to the help America vote act of 2002.")

  28 U.S.C. § 1331 (Federal Question)

  In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well established that the plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

  The face of Plaintiff' complaint present a federal question of whether or not the Machines or devices used at any election for federal, state or county offices were certified for use in this state and if so may only be used in this state if they comply with the help America vote act of 2002 and if those machines or devices have been tested and approved by a laboratory that is accredited pursuant to the help America vote act of 2002.  Therefore, Plaintiff's complaint does not avoid federal question jurisdiction.

  The Court has historically interpreted the "arising under" language in Article III very expansively.  In, 22 U.S. [9 Wheat] 78 [1824], Chief Justice John Marshall held that a case

Osborn v. U.S. Bank, 22 U.S. 738 (1824) satisfies Article III's "arising under" requirement ("We think, then, that when a question to which the judicial power of the Union is extended by the constitution, forms an ingredient of the original cause, it is in the power of Congress to give the Circuit Courts jurisdiction of that cause, although other questions of fact or of law may be involved in it.") In Applying this rule, the Court held that Congress may constitutionally create federal Court jurisdiction whenever a federal law is a potential ingredient for a case.

CONCLUSION

Under the aforementioned circumstances, raised on the face of Plaintiff's complaint of jurisdiction is placed on the Federal Courts by 28 U.S.C. § 1331 et. seq. by way of federal question raised of whether or not the machines were tested by approved laboratories accredited under the Help America Vote act of 2002, pursuant to Ariz. Rev. Stat. § 16-442. THEREFORE, Federal Court Jurisdiction is well founded.

Respectfully submitted,

Dated: December 1, 2022

_____
Daniel J McCauley III,
Attorney for Defendants

## CERTIFICATE OF FILING AND SERVICE

I, Daniel J McCauley III, am over the age of 18 and not a party to this action. I am a resident of or employed in the county where the electronic service occurred; my business/residence address is: 6638 E Ashler Hills Dr Cave Creek, AZ 85331-6638

On the date below, I filed a true and correct copy of the original of the attached documents with the Clerk of the Superior Court in Cochise County. I served the foregoing document(s) to the fax number below described as:

**NOTICE OF REMOVAL**

The following party was served:
D. Andrew Gaona, Esq. Attorneys for Plaintiffs
Fax: (602) 224-6020

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Dated: December 1, 2022

_____
Daniel J McCauley III,
Attorney for Defendants